LEE et al.

*v.*

THE HUBSCHMIDT BUILDING AND WOOD-WORKING COMPANY and AARON KEVITT.

</div>

Machines purchased by a corporation, and adapted to the business which it is organized to carry on—"a general building and wood-working business"—and placed by it in its mill, and fastened to the building to a certain extent, and not moved about from place to place in actual use, are fixtures.

On bill, answer and proofs.

*Mr. Thomas N. McCarter, Jr.,* for the complainants.

*Mr. John B. Humphreys* and *Mr. George P. Rust,* for the defendants.

PITNEY, V. C.

This bill is filed by a mortgagee of real estate to enjoin waste upon the premises. The question is as to whether certain

machinery in a building on the premises was a part of the realty, or was personalty and not subject to the mortgage.

The machinery consists of a boiler and engine, shafting leading therefrom, a tenoning machine, a moulding machine, a planer, a cross-cut saw, a lathe, a joiner and a dado machine. These machines were all intended to be used in the preparation and manufacture of rough lumber into various forms and articles used in house-building.

The defendant corporation was organized on the 12th of October, 1893. In the certificate of incorporation the purposes for which it was organized are stated as follows:

"The object for which the said company is formed is to conduct a general building and wood-working business, to buy lands and to erect thereon buildings for manufacturing purposes, and machinery necessary and incident thereto."

The principal stockholders are two brothers by the name of Hubschmidt, who were carpenters and builders, and, before the organization, owned a lot with an ordinary carpenter shop upon it, and immediately after the organization of the company conveyed this lot and carpenter shop to it, and then proceeded to equip it with the machinery in question, which is adapted to carry out the objects of the corporation, namely, "to conduct a general building and wood-working business."

The cause was first brought before the court upon an application for an injunction, on bill, answer and *ex parte* affidavits, which resulted in an interim restraint. Afterwards the parties submitted the cause, as on final hearing, upon the pleadings and the affidavits and exhibits for proof. The answer, though not called for under oath, is sworn to, but for present purposes cannot be considered as evidence, since a replication was filed.

With regard to the extent to which the machinery was fastened to the building or the earth, the affidavits are, in some respects, meagre, but they show that the boiler was merely set upon a solid foundation upon the ground. The engine was fastened to wooden timbers or sills previously sunk in the ground, and then fastened and imbedded in broken stone. The shafting

ran from the engine under the floor of the carpenter shop, and the belting and gearing came up through the floor to the different machines that were located in the room as convenience required, and the machines were fastened to the floor and to the beams in the ordinary way that such machines are fastened by screws and bolts and braces.

The allegation in the affidavits annexed to the answer is that the machines, including the engine, are rather light affairs, and that the fastening was simply to keep them steady, to prevent them from jarring and jumping about when in motion.

Under the case of *Blancke* v. *Rogers, 11 C. E. Gr. 563,* unexplained by subsequent cases, I should have said that they were not fixtures. But that case has been explained and its application limited by the recent case of *Feder* v. *Van Winkle,* in the court of errors and appeals, reported in *8 Dick. Ch. Rep. 370.* I refer particularly to the language of the court found on pages 372 to 375. There is no doubt that the machines here in question may all be taken away and set in another building, but with regard to that quality, Mr. Justice Van Syckel, at top of page 373, remarks that that is not conclusive that they are not fixtures. He says: "A steam-engine, to take on the qualities of a fixture, need not be made specially for the building in which it is planted. It may, like any other piece of mechanism, be removed and used with equal advantage in any other establishment for which it will furnish sufficient power." And further on he says: "There must be actual annexation, with an intention to make a permanent accession to the freehold, but it is not necessary that there be an intention to make the annexation perpetual." Then he adds this significant remark: "The intention must exist to incorporate the chattels with the real estate *for the uses to which the real estate is appropriated, and there must be the presence of such facts and circumstances as do not lead to, but repel, the inference that it is intended to be a temporary annexation."* Then he says that in *Blancke* v. *Rogers* the machines there " were movable in the building, and were moved about at the convenience of the owner, and run from different parts of the shafting." He points out that the same was true of the

machines in question in the case of *Penn Insurance Co.* v. *Semple, 11 Stew. Eq. 575.*

Then we have the case of *Speiden* v. *Parker, 1 Dick. Ch. Rep. 292*, also in the court of errors and appeals. Speaking of the implements in that case, Mr. Justice Van Syckel, in *Feder* v. *Van Winkle*, says: "Not one of the implements involved appeared to have been specially adapted to the place in which it was used—some were set in the earth—and all could have been removed and applied to the prosecution of a like business elsewhere. The decision," he says, "must rest upon the facts that the appliances were actually annexed ; *that they were adapted to and used in the business for which the realty was held by the owner ; that a common purpose was to be promoted by attaching the chattels to the freehold ; that the just inference was that the annexation was intended to continue so long as the business was prosecuted on those premises*, and that the enterprise was intended to be permanent in the sense in which that term is used in business transactions—permanent as contradistinguished from temporary."

Applying those principles to this case, I come, not without some hesitation, to the conclusion that the articles in this case are a part of the realty. The period of time for which this company was organized was fifty years. It deliberately purchased these machines, which were adapted to the business which it was organized to carry on, to wit, "a general building and wood-working business," and proceeded to place them in this building. They were all fastened to the building to a certain extent; none of them were moved about from place to place in actual use, and these circumstances lead to the just inference "that the annexation was intended to continue so long as the business was prosecuted on those premises, and that the enterprise was intended to be permanent in the sense in which that term is used in business transactions."

It is true that the defendants, the manufacturing company, and their assignee, Kevitt, to whom they have attempted to convey these articles of machinery, declare positively that it was not their intention to annex to the freehold, but I cannot take

such declaration as sufficient to overcome the just and necessary inference to be drawn from the circumstances above stated.

I will advise a decree for an injunction to continue until the complainants' mortgages are paid and satisfied.