THE MINISTERS AND MISSIONARIES BENEFIT BOARD OF THE NORTHERN BAPTIST CONVENTION, A CORPORATION, PROSECUTOR, v. J. H. THAYER-MARTIN, STATE TAX COMMISSIONER, DEFENDANT.

Submitted May 5, 1937—Decided August 2, 1937.

Before Brogan, Chief Justice, and Justice Parker.

For the prosecutor, *H. Theodore Sorg.*

For the defendant, *David T. Wilentz,* attorney-general (*William A. Moore,* of counsel).

The opinion of the court was delivered by

Parker, J. This is a succession tax case. The question for decision is whether the state tax commissioner correctly

taxed at eight per cent. the residuary estate of testatrix Maude S. W. McKay, late of Hunterdon county in this state, and left by her will to the prosecutor corporation, as being taxable under the general clause of the statute which reads: "Property passing to every other transferee, distributee or beneficiary not hereinbefore classified shall be taxed at the rate of eight per centum on any amount up to $900,000" (see *Pamph. L.* 1931, middle of *p.* 754), or whether he should have imposed a rate of only five per cent., based on the clause to be found at page 752: "Property passing to churches * * * religious, benevolent and charitable institutions and organizations shall be taxed at the rate of five per centum." Prosecutor claims to be a charitable, or at least a benevolent organization within the latter clause. For the defendant, this is denied, on the ground, first, that the operative scheme of the prosecutor is not exclusively, in a legal sense, either charitable or benevolent; and secondly, should this view not be sustained by the court, the nature of the testamentary provision (which for convenience will be called a bequest though it also uses the word "devise") is such as to constitute the prosecutor *pro hac vice* a mere trustee for the benefit of certain relatives of testatrix or of her husband during their respective lives.

Taking up the first proposition: The organization and purposes of the prosecutor are, in essence, life and endowment insurance for Baptist ministers. Those participating are enabled to retire at age sixty-five, on an annuity of half the former salary. Provision is made for death or earlier disability, &c. The actuarial requirements are a total premium (for that is what it is in effect) of nearly ten per cent. of the minister's salary. The minister by contract pays six and one-half per cent. himself, the remainder comes from the income of a capital fund running into the millions, contributed by benefactors and resulting from appreciation of securities, and administered by the prosecutor. To put the case baldly, the scheme may be described as one-third charitable and two-thirds contractual. This, we think, puts the prosecutor outside the pale of charitable or benevolent organizations in a legal sense. Counsel admit that there are no authorities in

this state directly in point, but the case of *Thomson* v. *Norris*, 20 *N. J. Eq.* 489, followed in *Van Syckel* v. *Johnson*, 80 *Id.* 117, is at least analogous, and holds that the mixing in a trust of charitable with non-charitable uses renders the trust void. The prosecutor, to the extent of two-thirds of its actuarial income, is in the insurance business. We think the charitable nature of the other one-third, which for general purposes may be conceded, does not entitle it to the tax rate of a benevolent or charitable organization. We are not unmindful of the common practice in charitable "homes" of admitting inmates on terms of transferring individual property to the "home" fund. But, as pointed out in the cases, the transferred property goes to the general fund, and if the candidate has much, little, or even none, the charity remains open to him. But, as pointed out in the brief for defendant, "this is not a case where pensions are paid to all, and those who are able to pay are required to do so. All who wish pensions must join the fund and make their annual contributions" (as prescribed). "Those who do not join the pension fund have no rights therein."

The second point seems cumulative, but may as well be noticed. To elucidate it, the full text of the bequest is reproduced:

"Tenth—All the rest, residue and remainder of my Estate, both real and personal, and wheresoever situate, I give, devise and bequeath unto the Ministers & Missionaries Benefit Board of the Northern Baptist Convention, a corporation of the State of New York, to be invested and reinvested and the income applied to the objects of said organization.

"My will is, however, that said organization shall first use the said income for the alleviation of suffering from arthritic or other incurable disease, illness or condition, and/or for the comfortable maintenance and support, of any person or persons who may be living at the time of my decease and who may be connected by blood (but not beyond the tenth degree), either with my husband, James Pickens McKay, or with me. It is my purpose that the income on said residue shall be ultimately and solely devoted to the purposes of said

organization, but that those near to me and my husband may have first call thereon for the purposes and within the limitations above mentioned. To that end it is my wish that said organization use its sound discretion in the expenditure of said income both as to amount and beneficiary, bearing in mind always that the care of incurables, and particularly arthritics, is nearest my heart; and to said organization I leave the decision, on whatever proofs may be required, as to what persons are connected with my husband and with me as aforesaid. Should there be a balance of said income remaining in any year, after carrying out the above provisions, then said organization is empowered to use said balance in any following year for the general purposes for which it is formed.

"It is my further wish that the principal of said residue be given some suitable name in memory of my beloved husband."

It should appear at once, on a reading of this provision, that the prosecutor is made a trustee for the benefit of an unascertained but ascertainable group of living relatives of testatrix or of her husband, who are appointed as beneficiaries for life of some share in the income of the fund to be determined by the trustee; any surplus to be devoted to the charter purposes of the organization. It seems fundamental that there is nothing legally charitable or benevolent for purposes of taxation in providing by will for ones relatives by blood or marriage. *In re Beekman's Estate,* 232 *N. Y.* 365; *Koch's Will (Wis.),* 267 *N. W. Rep.* 320. If the life interests were settled, and the trust apart from them were purely charitable, the tax might conceivably be modified to meet that situation; but in view of our conclusion on the first branch of the case, the writ will be dismissed, with costs.