Dr. Eustace C. Butler, late of Essex County, bequeathed his residuary estate to his brother Kenneth, and his nephews Robert E. Duncombe and William H. Maura, all of Nassau, in the Bahama Islands:
"In trust, nevertheless, to use the income thereof to provide annual scholarships for higher education to deserving children resident in Nassau, Bahamas, with full power to my said trustees to appoint their successors and/or substitute trustees for this fund with power to name and designate their successors in office. It is my wish that preference in the awarding of these scholarships be always given to *Page 49 
the descendants of my brothers and sisters if they are in need of and apply for such assistance. My said trustees or their successors in office shall and may make such reasonable rules and regulations as may to them seem advisable for the awarding of said scholarships. To the end that this trust shall not fail for want of trustees I authorize the appropriate probate authorities of Nassau aforesaid, to appoint trustees in the event at any time of the failure of trustees to be appointed as I have provided and qualify."
The respondents, who are the next of kin of Dr. Butler, say that this is a private trust which violates the rule against perpetuities and therefore fails. A trust to provide scholarships for higher education is a charitable trust. Noice v. Schnell,101 N.J. Eq. 252. But the respondents insist that the preference given to descendants of testator's brothers and sisters is fatal. A trust for the benefit of the descendants of the donor's relatives is not a charitable trust. But if a trust be created for a charitable purpose, the giving of a preference to those members of a certain family who come within the general class of beneficiaries, does not deprive it of the character of a charitable trust or convert it into a private trust. In reMacDowell (N.Y.), 112 N.E. Rep. 177; Restatement-Trusts, §375 (c); Bogert on Trusts, § 362; 3 Scott on Trusts, 2031;Annotation 131 A.L.R. 1289. It seems to me clear that the preference desired by Dr. Butler does not invalidate the gift. His will means that if there shall be among the deserving children of Nassau, descendants of his brothers and sisters who are in need of financial assistance for their higher education and apply to the trustees for scholarships, then they shall be given a preference. They will not be eligible unless they are deserving children, resident in Nassau, and unless they are in need of such assistance.
The respondents have presented evidence from which they argue that the trust was a clever scheme of testator to ensure the free education of descendants of his brothers and sisters, and that it was not his object to benefit the public of Nassau generally. "The question is not what the testator desired to accomplish by the trust, but what, in the opinion of the court, will be the result of the trust upon the community and society in general. What would be the net result of such a trust as testator described?" Woodstown National Bank v. Snellbaker, *Page 50 136 N.J. Eq. 62. The essential feature of a charitable trust is the benefit to the public or a sufficiently large class, so that the community has an interest in the trust. Johnson v. Bowen,85 N.J. Eq. 76. I am told that Dr. Butler's residuary estate will probably bring in an annual income of $3,000; that $750 may be taken as a reasonable figure for a scholarship. It appears that one of testator's nephews is ready for a college education and that the trustees, if the trust is sustained, expect to give him a scholarship. This would leave three scholarships for children not related to testator. The situation will vary from year to year, but it seems likely that the fund will be of real value for the promotion of higher education in the little City of Nassau.
Respondents also insinuate that the trustees, all related to the testator, will not only prefer their young kinsmen in awarding scholarships, but will make their scholarships much larger than those granted to others, sending the Butler group to universities in the United States, while the less favored must be content with Queen's College in Nassau. The court cannot proceed on such an assumption. The trustees are directed to make reasonable rules and regulations which should, of course, apply to all scholarships alike. The presumption is that the trustees will fulfill their duties in an impartial manner, giving to their kinsmen only the preference which testator's will expresses.
The decree of the Orphans Court, directing payment of the residuary estate to the trustees, is affirmed. *Page 51