132 N.J. Super. 30 (1975)
331 A.2d 633
NATIONAL LEAD COMPANY, PETITIONER-RESPONDENT,
v.
BOROUGH OF SAYREVILLE, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1974.
Decided January 15, 1975.
*32 Before Judges LEONARD, SEIDMAN and BISCHOFF.
Mr. Leo Rosenblum argued the cause for appellant Borough of Sayreville (Rosenblum and Rosenblum, attorneys).
Mr. John W. Noonan argued the cause for respondent National Lead Company. (Messrs. Noonan and Flynn, attorneys).
The opinion of the court was delivered by SEIDMAN, J.A.D.
The issue involved in this appeal is whether and to what extent a municipality may assess and tax as real property under N.J.S.A. 54:4-1 et seq. machinery and equipment which are attached to land or buildings but used in manufacturing process. The Division of Tax Appeals made a preliminary determination in this case *33 that they were not so taxable regardless of the manner of attachment and we granted the aggrieved municipality leave to appeal.
National Lead Company operates a large industrial complex in the Borough of Sayreville for the production of titanium oxide. The borough tax assessor computed and determined the taxable value of the company's real property for 1969, 1970 and 1971 to be, with slight yearly variations, about $315,000 for the land and $8,271,000 for the improvements. The taxpayer appealed to the Middlesex County Board of Taxation, which reduced the assessments on the improvements by approximately 10% for each year. The land assessments were not changed. Both sides appealed to the Division of Tax Appeals, the company seeking a further reduction and the municipality the restoration of the original amounts.
At a pretrial hearing in the Division, a dispute arose between the parties over what portions of the property should be deemed realty and what personalty. The company contended that its machinery and equipment were an integral part of the manufacturing process and were thus taxable as personalty and not as realty regardless of how they were affixed or anchored. The borough claimed on the other hand that most of the facilities constituted real estate and should be taxable as such. The parties agreed that the question of valuation should be deferred pending the outcome of a hearing for the limited purpose of resolving this issue. Such hearing was conducted in the Division with a result adverse to the borough.

I
In his written opinion, the tax appeal judge described the machinery and equipment in question:
The main manufacturing complex is * * * just a shell around the process equipment; that the heating and lighting is for the equipment and for the people who operate it. The many large doors, the corridors and hoists on various levels are installed specifically for *34 easy removal and replacement of equipment. The items in dispute are all large, heavy and expensive. They require the construction and erection of specialized concrete foundations. The equipment is affixed to these foundations by the tightening of nuts located on the end of anchor bolts imbedded in the concrete. These nuts can be removed and the equipment can be moved by the use of various hoists. These items consist of ore and ball mills, rotary filters and calciners, settling tanks, elevators and conveyors, large chemical tanks, Shriver presses, settling tanks [sic] pumps and piping, Moore-type filters, dryers, pebble mills, treatment tanks and an acid plant. As an example of their size the No. 6 are [sic] mill is the largest individual mill weighing 20 tons. This mill together with the ball charge and ore charge weighs 80 tons. All of these with the No. 4 mill have been removed from their foundation, taken out of the buildings, put on a truck, sent to the manufacturer in York, Pennsylvania, have been repaired and returned. Petitioner's cranes which move the items used in the operation weigh 35 tons and are purchased so that they can be dismantled for maintenance purposes. A calciner is often removed in one piece, through the roof or the side walls. The calciner is, 150 feet long, is purchased in sections, through a catalog from St. Louis plant. I find as a fact that although this equipment is large in size, it can be removed, without extensive damage to the foundation and property, any damage that is done is minimal considering its size and expense.
The judge below held as follows:
I find as a fact, that all equipment in structures, no matter how large, that are movable in any respect and are directly related to the manufacturing process are to be deemed personal property. This determination would include all incidental piping, wiring, cat-walks, minor pumps, gauges, structural foundations that apply or pertain thereto. Machinery and equipment even though it is not movable and if it is permanently affixed to the realty, if it is an integral part of the work process, shall be deemed to be personal property. Machinery and equipment that is essentially attributable to the maintenance of real estate and not in (sic) integral part of the manufacturing process, is deemed to be real property. All immovable machinery and equipment that is affixed to the realty, which is used for some purpose other than the actual manufacturing process * * * is deemed to be real property, [Emphasis supplied.]
The Division's findings of fact are essentially not in controversy; therefore, we are not required to determine whether they were reasonably reached on sufficient credible evidence present in the record. Close v. Kordulak Bros., 44 *35 N.J. 589, 599 (1965). The problem before us arises from the Division's concept of the applicable principles of law. Its conclusions, insofar as they apply to permanently affixed and immovable machinery and equipment, are challenged by the borough as contrary to both our decisional law on fixtures and the legislative intent expressed in the Business Personal Property Tax Act, L. 1966, c. 136, § 1 et seq.; N.J.S.A. 54:11A-1 et seq. We think that the borough's contentions have considerable merit. In our view, the principles enunciated above relating to machinery and equipment used in manufacturing processes are overly broad. We are, of course, in no way bound by the Division's interpretation of a statute or its determination of a strictly legal issue. Mayflower Securities v. Bureau of Securities, 64 N.J. 85, 93 (1973).

II
N.J.S.A. 54:4-1 et seq. provides generally for the taxation by local tax districts of all property real and personal within their boundaries not otherwise exempted or expressly excluded from the operation of the chapter. Provisions for the assessment of real property are contained in N.J.S.A. 54:4-23 et seq. Prior to 1966 all tangible personal property other than household property and personal effects was also assessed and taxed by the local unit. N.J.S.A. 54:4-9 and 91. Since all taxable property, real or personal, was then taxed at the general rate of the district, the category in which machinery and equipment should be placed did not matter.
In 1966 the State preempted the taxation of business personal property by the enactment of N.J.S.A. 54:11A-1. As a result, the assessor in each taxing district now has to determine in appropriate cases what is includible as taxable real property, particularly in the case of fixtures which, in certain circumstances, might by annexation be assimilated into the realty. 1 Thompson, Real Property (1964), § 55, at 170 et seq.
*36 The judge below was of the view, which we do not fully share, that assessors throughout the State would be unable to perform that task in a uniform and workable manner and that "[i]t is not the function of the Legislature, the Court, nor this Division to make their tasks so insurmountable as to necessitate in each instance the employment of auditors, accountants, lawyers, mechanical engineers, chemical, electrical and civil engineers to produce a day to day work product."
In holding as he did, the judge below relied heavily upon two earlier opinions in the Division, Colorado Fuel and Iron Corporation v. Township of Florence (decided December 11, 1967) and Cellomer Corporation v. City of Newark (decided June 11, 1968). The Division chose in both to adopt the rule set forth in the Pennsylvania case of In re Aliquippa, 405 Pa. 421, 175 A.2d 856, 861 (Sup. Ct. 1961); namely, that "improvements, whether fast or loose, which are used directly in manufacturing the products that the establishment is intended to produce and are necessary and integral parts of the manufacturing process and are used solely for effectuating that purpose, are excluded from real estate assessment and taxation." That case is distinguishable, however, because it was based upon an explicit amendment to the tax law providing that in determining the value of mills and manufactories for local real estate taxation, machinery, tools, appliances and other equipment contained therein were not to be included. 72 P.S. § 5453.201 (Supp.).
The opinion below seems to imply that a legislative intent leading to the same conclusion is apparent in our tax statutes. We find this not to be so in the case of our local real property tax law or our business personal property tax law, neither of which has the type of exclusion or exemption contained in the Pennsylvania statute. It is clear from our examination of taxation statutes in this State that when the legislature intended such exclusion or exemption it made explicit provision therefor. For example, in providing for the exemption of improvements to water supply or sewerage disposal systems from general property taxation, the pertinent *37 statute defines "improvement to real estate" or "improvement" to mean any structure, machinery, equipment, device or facility necessary to the installation or maintenance of such systems. N.J.S.A. 54:4-3.60. And in the case of taxation of public utilities, the statute carefully excludes from the definition of real estate "machinery, apparatus and equipment, notwithstanding any attachment thereof to lands or buildings." N.J.S.A. 54:30A-50(b). As we said in N.J. Power & Light Co. v. Denville Tp., 80 N.J. Super. 435, 440 (App. Div. 1963):
It seems clear that the legislative intent in defining "real estate" subject to local taxation [in N.J.S.A. 54:30A-50(b)] was to include land and buildings, as those words are commonly understood, but to eliminate items of personal property such as machinery, apparatus and equipment which by reason of their attachment to the lands or buildings might otherwise be regarded as real property under the common law doctrine of "fixtures." [Emphasis supplied].
Although the general tax law, N.J.S.A. 54:4-23, contains no definition of real property, that term, as used in the statute, generally connotes a unit of land together with its concomitant improvements, if any. City of Newark v. West Milford Tp., Passaic County, 9 N.J. 295, 304 (1952); Crewe Corp. v. Feiler, 49 N.J. Super. 532, 539 (App. Div. 1958), rev'd on other grounds 28 N.J. 316 (1958). Business personal property is defined in N.J.S.A. 54:11A-2(b) to mean tangible goods and chattels used or held for use in any business, transaction, activity or occupation conducted for profit. Certain goods and chattels are expressly excluded from that definition. The ones pertinent here are "goods and chattels so affixed to real property as to become part thereof and not to be severable or removable without material injury thereto." Since these statutes form part of a comprehensive plan of taxation of real and personal property, they are in pari materia and must be read together. Cf. Dvorkin v. Dover Tp., 29 N.J. 303, 316 (1959); Nordell v. Mantua Twp., 45 N.J. Super. 253, 257 (Ch. Div. 1957).
*38 If the conclusions of the tax appeals judge in this case are sound, machinery and equipment used in a manufacturing process would be taxable as business personal property despite the manner of their affixation to real property. This concept, however, disregards the clear exclusionary language of the business personal property tax law and could result in an anomalous situation whereby such items might not be taxable at all, a result which the legislature could hardly have intended. It is reasonable to infer, therefore, that by excluding from that statute goods and chattels affixed to real property in the manner set forth therein, the legislature intended that such items should be considered part of the realty and taxable as such under the local real property tax law.

III
It is established that words and phrases in a statute having a well-defined meaning in the common law are to be interpreted in the same sense under the statute when used in connection with the same or similar subject matter with which they were associated at common law. 2A Sutherland, Statutory Construction (4th Ed. 1973) § 50.03, p. 277; Magierowski v. Buckley, 39 N.J. Super. 534, 553 (App. Div. 1956). N.J.S.A. 54:11A-2(b) (2) speaks of goods and chattels "so affixed to real property as to become part thereof and not to be severable or removable without material injury thereto." This language is in accord with the common law doctrine of fixtures. See 1 Thompson, op. cit. supra, § 55 at 171 and 175.
The case of Fahmie v. Nyman, 70 N.J. Super. 313, 316-317 (App. Div. 1961) states the "classic determinants" by which a movable chattel loses its character as personalty and becomes a part of the realty. They are when it is: (1) actually affixed to the realty or something appurtenant thereto, (2) appropriated to the use or purpose of that part of the realty with which it is annexed, and (3) intended by *39 the party making the annexation to be a permanent accession to the freehold.
As for the matter of severability or removability without "material injury" to the realty, it should be noted that a similar term, appearing in the Uniform Conditional Sales Law, N.J.S.A. 46:32-14 (since repealed and superseded by the Uniform Commercial Code, N.J.S.A. 12A:9-101 et seq.), has been defined to mean the severance of a chattel affixed to and forming part of the realty which "will prevent the structure from being used for the purpose for which it was erected or for which it has been adapted." Smyth Sales Corp. v. Norfolk B. & L. Assn., 116 N.J.L. 293, 298 (E. & A. 1935); Uttinger v. Koopman, 46 N.J. Super. 443, 447 (App. Div. 1957); Fahmie v. Nyman, 70 N.J. Super. supra at 318. This is the so-called institutional doctrine of fixtures:
Basically, the applicability of the rule depends upon the presence of proof in the individual case which impels the conclusion that the chattels in question are permanently essential to the completeness of the structure or the use to which the structure is put. This established, mode of annexation fades in significance, adaptability inheres in the proofs, and the intention of permanent accession to the freehold is inferred. [Fahmie v. Nyman, supra, at 318-319.].
We perceive no sound reason for fashioning different principles to be applied to machinery and equipment used in a manufacturing process. The foregoing principles are as pertinent to such goods and chattels as they are to any others. Where such articles, though useful and even essential for the business carried on, are not permanently affixed to the ground or building or need no adaptation thereto, and can easily be removed and used elsewhere without material injury to the building or the articles themselves, they retain their character as personal property. Blancke v. Rogers, 26 N.J. Eq. 563, 568 (E. & A. 1875); Keeler v. Keeler, 31 N.J. Eq. 181, 191-192 (Ch. 1879); Penn Insurance Co. v. Semple, 38 N.J. Eq. 575, 585 (E. & A. 1884); General Electric Co. v. Transit Equipment Co., 57 N.J. *40 Eq. 460, 471 (Ch. 1898); Campbell v. John W. Taylor Mfg. Co., 62 N.J. Eq. 307, 314 (Ch. 1901); Knickerbocker Trust Co. v. Penn Cordage Co., 62 N.J. Eq. 624, 641 (Ch. 1901); Fahmie v. Nyman, supra, 70 N.J. Super. at 317 (App. Div. 1961). On the other hand, whenever machinery and equipment have been placed in or annexed to a structure to carry out the purposes for which the structure was erected or designed or to which it has been adapted, with the intention to remain there permanently, and the removal thereof will result in material injury as defined hereinabove, such machinery and equipment become part of the realty. The test here is the essentiality of the chattels to the use for which the building was designed or used. Fahmie v. Nyman, supra, at 319. See Roddy v. Brick, 42 N.J. Eq. 218, 225 (Ch. 1886); Feder v. Van Winkle, 53 N.J. Eq. 370, 376 (E. & A. 1895); Lee v. Hubschmidt Building and Wood-Working Co., 55 N.J. Eq. 623, 626 (Ch. 1897); Ashby v. Ashby, 59 N.J. Eq. 536, 545 (Ch. 1900); Knickerbocker Trust Co. v. Penn Cordage Co., supra, 62 N.J. Eq. at 641-642.
As we noted earlier herein, the judge below was fearful that tax assessors throughout the State would be unable to cope with the problem of determining whether specific items of machinery and equipment used in the manufacturing process were so affixed as to become part of the realty and thus taxable as such. However, we do not believe that tax assessors will encounter insurmountable obstacles by applying in the field of real estate taxation long-established doctrines relating to fixtures. An examination of the Handbook for New Jersey Assessors and the Real Property Appraisal Manual for New Jersey Assessors (2d Ed), both issued by the Local Property Tax Bureau of the Division of Taxation, reveals that tax assessors are frequently required to solve problems of considerable complexity.

IV
It is evident from what we said above that the conclusions of the tax appeals judge were not based upon established *41 legal standards. The matter therefore must be remanded for reconsideration and the making of new findings and conclusions. To the extent necessary, both sides should be afforded the opportunity to present additional proofs, expert or otherwise, on the issues involved.
We would expect the judge below, in setting forth the requisite findings and conclusions, to describe fully the machinery and equipment in controversy, with particular reference to the manner of attachment to the realty. It is particularly important that he discuss the interrelationship between such machinery and equipment and the buildings in which they are housed, and make a determination of whether the machinery and equipment are so affixed as to become part of the realty and whether they are severable or removable without material injury thereto. In this regard we note his previous findings that the buildings are designed primarily to house specific equipment, and that machinery and equipment, once installed, are intended to remain in place indefinitely.
Reversed and remanded for further proceedings consistent with the foregoing. We do not retain jurisdiction. No costs.