CRABTREE, J.T.C.
Plaintiff seeks review of a use tax deficiency assessment determined by defendant for the period April 1, 1985 to March 31, 1988 in the amount of $106,952 plus interest and penalty. *72 The deficiency pertains to unpaid use tax on materials purchased by plaintiff for use in connection with its roofing business.
Plaintiff is a fabricator/contractor whose business is the on-site fabrication and installation of roofs. It purchases raw materials, specifically, asphalt, mastic, polyester and ceramic surfacing granules from its suppliers. These materials are mixed in specially equipped trucks at the job site and applied to the customer’s roof in layers, beginning with hot asphalt, then polyester, followed by a layer of cold asphalt, then mastic and finally the ceramic surfacing granules. Through this patented on-site process of fabrication and application plaintiff is able to do 40,000 square feet of roof per day per truck.
At issue here is plaintiff’s liability for the use tax assessed by defendant with respect to plaintiff’s purchase of the above-mentioned raw materials. Plaintiff paid no sales tax on its purchase of the raw materials in question, nor did it charge its roofing customers for sales or use tax.
The compensating use tax is imposed upon property or services which have not already been subject to the sales tax; it extends to “any tangible personal property purchased at retail.” N.J.S.A. 54:32B-6(A). A retail sale includes “[sjales of tangible personal property to all contractors, subcontractors or repairmen of materials and supplies for use by them in erecting structures for others, or building on, or otherwise improving, altering, or repairing real property of others.” N.J.S.A. 54:32B-2(e)(2).
The raw materials purchased by plaintiff were purchased at retail within the purview of N.J.S.A. 54:32B-2(e)(2) and N.J.S.A. 54:32-6(A). As a roofing contractor plaintiff is liable for the use tax.
Plaintiff contends, however, that it is a manufacturer and thus entitled to the exemption provided by N.J.S.A. 54:32B-11(4), which exempts from use tax “property which is converted into or becomes a component part of a product produced for sale or for market sampling by the purchaser.” Emphasis *73 supplied. This argument is unsound. The statute contemplates the sale of a product. The statutory exemption in question does not apply to a sale of services. Metpath, Inc. v. Taxation Div. Director, 4 N.J. Tax 277 (Tax Ct.1982), aff'd o.b. per curiam 5 N.J. Tax 477 (App.Div.1983), aff'd 96 N.J. 147, 474 A.2d 1065 (1984). Plaintiff, as a roofing contractor, does not sell the roofing materials to its customers; it merely utilizes those materials in the performance of roofing services.
Moreover, defendant’s regulation, N.J.A.C. 18:24-5.11, expressly deals with plaintiff’s situation. That regulation provides, pertinently:
Where a fabricator/contractor sells his or her fabricated product, and as a part of that sale further agrees to install the product at a location in this State, he or she may not collect tax from his or her customer for charges rendered in connection with the installation if the installation of his or her product results in a capital improvement to real property. In such cases, the fabricator is, however, required to pay use tax directly to the Division of Taxation upon the value of his or her product as hereinafter set forth. The use tax shall be computed on:
1. The price at which items of the same kind are offered for sale by him or her; or
2. If the fabricator/contractor makes no sales of items of the same kind, the tax shall be computed on the cost of all materials used in fabrication.
The use tax in this case was computed on the cost of the raw materials used in plaintiff’s roof fabrication and installation business.
The quoted regulation, like all tax regulations, was issued pursuant to N.J.S.A. 54:50-1, which authorizes the Director to make and enforce such regulations as he deems necessary.
In construing statutes, courts give great weight to the construction by the agency entrusted with the statute’s enforcement. Peper v. Princeton University Bd. of Trustees, 77 N.J. 55, 389 A.2d 465 (1978); Burke v. Taxation Div. Director, 11 N.J. Tax 29 (Tax Ct.1990). See Smith v. Director, Div. of Taxation, 108 N.J. 19, 25-26, 527 A.2d 843 (1987). The agency’s interpretation is entitled to prevail so long as it is not *74 plainly unreasonable. Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 478 A.2d 742 (1984); New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 561, 384 A.2d 795 (1978).
The quoted regulation is an eminently reasonable interpretation of the relevant provisions of the Sales and Use Tax Act.
Judgment will be entered in favor of defendant.